## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEPHEN WOODYARD,

     *Plaintiff,*

  v.

BLOOMIN BRANDS,

     *Defendant*

Case No. 25-cv-02858-ABA

### MEMORANDUM OPINION

Plaintiff Stephen Woodyard alleges in his complaint and supplements thereto that Defendant Bloomin Brands discriminated against him and retaliated against him in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"). Mr. Woodyard is proceeding *pro se*. Bloomin Brands has moved to dismiss the complaint. The motion will be granted, and the complaint will be dismissed with prejudice, as discussed below.

### ALLEGATIONS AND PROCEDURAL HISTORY[1]

Mr. Woodyard alleges that he is a seventy-eight-year-old African American man who was previously employed as a "managing partner" at an Outback Steakhouse owned by Bloomin Brands. ECF No. 1 at 2–5. He alleges that the Defendant, among other things, ignored his complaints regarding drug dealing and sexual harassment, systematically allocated fewer resources to the restaurant that he was managing, ignored his evidence of an attempted murder against him, and ignored death threats made

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

against him by employees. *Id.* at 6–8; *see* ECF No. 11 at 1, ECF No. 12 at 1. The complaint asserts claims of discrimination and retaliation in violation of the ADEA. ECF No. 1 at 4. But the complaint does not allege any facts that would support claims under the ADEA. In Mr. Woodyard's two supplements he does allege, however, that Defendant underfunded and understaffed his store in comparison with stores with "younger managers with comparable operational responsibilities." ECF No. 11 at 1; ECF No. 12 at 1. Mr. Woodyard's brief in response to the motion to dismiss alleges additional facts, but "parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Defendant filed a motion to dismiss, ECF No. 7, after which Mr. Woodyard filed two supplements to his complaint totaling 367 pages. ECF Nos. 11 & 12. The Court ordered Defendant to file a supplemental brief to address the additional material. ECF No. 13. Defendant filed the supplemental brief, to which Plaintiff responded, and Defendant replied. ECF Nos. 14, 15, & 17. Mr. Woodyard has also since filed a motion for leave to file an additional 21 pages of documents that largely consist of pictures of vehicles on fire and text messages, which he contends are relevant to his allegations that the kitchen manager at his work sabotaged his car. ECF No. 18. It is not clear how this material relates to Plaintiff's ADEA claims. The motion to supplement will be denied.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." *ACA Fin. Guar.*

*Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212. Courts may also consider documents attached to the complaint, as well as those attached to motions to dismiss, so long as they are integral to the complaint and authentic. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff is self-represented, so the Court construes his complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore

clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

## DISCUSSION

Defendant argues, among other things, that Mr. Woodyard's claims should be dismissed because he "has failed to first exhaust [his] administrative remedies as to any age-based claim" because in the charge of discrimination that he filed with the EEOC prior to litigation he only alleged "discrimination and retaliation *based on his race*" rather than age. ECF No. 7-1 at 4–5; *see* ECF No. 21 (the EEOC charge showing that Plaintiff only filed a charge for racial discrimination and retaliation).

"It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII [or ADEA] lawsuit." *Id.* (quoting *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019)). "If the discrimination claims 'exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.'" *Id.* (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005)). A "claim generally will be barred if [the] charge alleges discrimination on one basis—such as race—and [the lawsuit] introduces another basis in formal litigation— such as sex." *Chacko*, 429 F.3d at 509. When a plaintiff still can exhaust their administrative claims, the suit should be dismissed without prejudice, but a court should dismiss a claim with prejudice when a plaintiff cannot exhaust their remedies due to a time bar. *Buchanan v. Performance Mgmt. Group, LLC*, Case No. 24-cv-6798-

SAL-KDW, 2025 WL 1558910, at *4 (D.S.C. May 15, 2025), *report and recommendation adopted*, Case No. 3:24-cv-6798-SAL, 2025 WL 1558526 (D.S.C. June 2, 2025); *see, e.g., Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice where amendment would be futile). When considering claims under Title VII and the ADEA, EEOC charge forms are commonly considered integral to the complaint and, therefore, the Court will consider the EEOC charge in connection with the motion to dismiss. *Bowie v. Univ. of Maryland Med. Sys.*, Case No. 14-cv-03216-ELH, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) (citing cases).

Here, Mr. Woodyard filed an EEOC charge for racial discrimination and retaliation on June 19, 2024.[2] ECF No. 21. Mr. Woodyard's suit in this Court alleges age discrimination and retaliation. Mr. Woodyard's current age-related claims are not exhausted as they were not within the scope of his EEOC charge. Moreover, Mr. Woodyard alleges that he was terminated around July 2023. ECF No. 12-1 at 9. In order to bring an age discrimination claim under the ADEA, a plaintiff must file a charge with the EEOC within 180 days of the alleged discrimination, or with a state or local agency within 300 days of the alleged incident. 42 U.S.C.A. § 2000e-5. Because Mr. Woodyard has not demonstrated that he exhausted his administrative remedies, and the statutory period to file an EEOC charge for his age claims has elapsed, those claims are time-barred and his complaint will be dismissed with prejudice.

---

[2] Mr. Woodyard does not assert a claim for racial discrimination in his complaint. He would not be able to amend his complaint to include claims of racial discrimination, however, because the ninety-day window to file a suit from his June 4, 2025 right to sue letter has elapsed. ECF No. 1-2 at 1.

## CONCLUSION

For these reasons, Defendant's motion to dismiss will be granted and the complaint will be dismissed with prejudice.

A separate order follows.


Date:  July 14, 2026

_____/s/_____

Adam B. Abelson
United States District Judge